**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 10 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DONALD ALLEN GOSNEY, | No. 19-35291 |
| Plaintiff-Appellant, | D.C. No. 6:16-cv-01072-SB |
| v. | |
| MIKE GOWER, ODOC Assistant Director; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Stacie F. Beckerman, Magistrate Judge, Presiding

Submitted August 6, 2020**
San Francisco, California

Before: THOMAS, Chief Judge, and HAWKINS and McKEOWN, Circuit Judges.

Donald Gosney, proceeding *pro se*, appeals the district court's order granting

summary judgment for Appellees. We have jurisdiction under 28 U.S.C. § 1291

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

and, on de novo review, *Sandoval v. County of Sonoma*, 912 F.3d 509, 515 (9th Cir. 2018), we affirm.

The district court did not err in granting summary judgment on Gosney's deliberate indifference claims. Establishing deliberate indifference to a serious medical need requires showing: (1) failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain; and (2) the defendant's response to the need was deliberately indifferent. *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012) (citing *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006)). Here, the record demonstrates that neither Nurse Gruenwald nor the Therapeutic Level of Care Committee ("TLC") were deliberately indifferent to Gosney's hip problems by not instantly approving him for hip replacement surgery. Rather, with Gosney's hip pain in mind, they prescribed an alternative course of treatment to prevent premature surgery and determine whether his pain could be effectively managed without surgery. When that proved insufficient, Nurse Gruenwald recommended surgery, which the TLC ultimately approved. Under these circumstances, we do not find the choice of treatment "medically unacceptable" and "chose[n] in conscious disregard of an excessive risk to [Gosney's] health" to withstand summary judgment on his deliberate indifference claims. *See Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996).

Along these lines, Gosney's claims that Appellees violated the Americans with Disabilities Act ("ADA") by denying his requests for a cane, bathroom modifications, and a mobility assistive device do not survive summary judgment. "The ADA prohibits discrimination because of disability, not inadequate treatment for disability." *Simmons v. Navajo County, Arizona.*, 609 F.3d 1011, 1022 (9th Cir. 2010)*, overruled on other grounds by Castro v. County of Los Angeles*, 833 F.3d 1060 (9th Cir. 2016) (en banc).  As Appellees found the requested assistive devices not medically necessary to Gosney's treatment, their denial of his request does not amount to an ADA violation.

**AFFIRMED**.